IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH FEMATT,<br><br>  Plaintiff,<br>  v.<br>MONTEREY MECHANICAL CO., et al.,<br><br>  Defendants. | No. C 15-2264 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are two motions: (1) defendants Monterey Mechanical Co. ("Monterey") and Jim Troup's ("Troup") "Motion to Dismiss the First Amended Complaint," filed September 11, 2015, and (2) defendant Tod Mundy's ("Mundy") "Motion . . . to Dismiss Claims in Plaintiff's First Amended Complaint," filed September 11, 2015. Plaintiff Ruth Fematt has filed opposition to each motion, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows:[1]

1. The Second Claim for Relief, titled "Sexual Harassment/Hostile Work Environment - Negligence (42 USC § 2000e-2(a))" and alleged against Monterey only, is subject to dismissal, as plaintiff alleges harassment by supervisors Troop and Mundy only (see FAC ¶ 11, 62, 69), and a negligence claim against an employer pertains where harassment is committed by co-workers. See Nichols v. Azteca Restaurant Enterprises,

---

[1] By order filed October 13, 2015, the Court took the matters under submission.

256 F.3d 864, 875 (9th Cir. 2001) (holding, under Title VII, "[w]hen harassment by co-workers is at issue, the employer's conduct is reviewed for negligence," whereas "[w]hen harassment by a supervisor is at issue, an employer is vicariously liable").[2]  Although plaintiff correctly notes that a complaint may seek "relief in the alternative," see Fed. R. Civ. P. 8(a)(3), plaintiff fails to allege any facts to support a finding that either Troop or Mundy is not a "supervisor" for purposes of vicarious liability, see Vance v. Ball State Univ., 133 S. Ct. 2434, 2443 (2013) (holding "an employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim").

      2. The Fourth Claim for Relief,[3] titled "Termination of Employment (Gender, Race or Color) (28 USC § 2000e-2(a))" and alleged against Monterey only, is subject to dismissal. Plaintiff does not allege she resigned, see Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004) (holding "[u]nder the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes"), and, to the extent the claim is based on her decision to take "an extended medical leave" (see First Amended Complaint ("FAC") ¶ 56), plaintiff's allegation that she took such leave after being transferred from a position in Concord, California, to a position in Oakland, California, that would result in additional wages but higher commuting expenses (see FAC ¶¶ 55-56), is insufficient to support a finding she was subjected to a level of working conditions equivalent to discharge, see, e.g., Poland v. Chertoff, 494 F.3d 1174, 1184 (9th Cir. 2007) (holding "constructive discharge cannot be based upon the employee's subjective preference for one position over another"); Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1247 (1994) (holding "demotion, even when accompanied by reduction in pay, does not by itself trigger a

---

    [2]Defendants do not challenge the First Claim for Relief, by which plaintiff alleges Monterey is vicariously liable for harassment by Troop and Mundy.

    [3]Defendants do not challenge the Third, Ninth, Tenth, and Fourteenth through Nineteenth Claims for Relief, all but the last of which are alleged only against Monterey, with the last being alleged only against Mundy.

constructive discharge").

    3. The Fifth Claim for Relief, titled "Termination of Employment (Race or Color) (42 USC ¶ 1981)" and alleged against each defendant, is subject to dismissal for the reasons stated above with respect to the Fourth Claim.

    4. The Sixth Claim for Relief, titled "Retaliation (Race or Color) (42 USC § 1981)" and alleged against each defendant, is challenged to the extent it is alleged against Troop and Mundy only.

        a. To the extent the Sixth Claim is alleged against Troop, it is subject to dismissal as, even assuming Troop made the challenged decision to transfer plaintiff to Oakland (see FAC ¶¶ 51-52, 56), plaintiff does not allege Troop was aware of plaintiff's having earlier complained to "Human Resources" that Mundy had subjected her to "racial comments" (see FAC ¶ 49) or plaintiff's having "expressed her opposition to racial discrimination in employment in [a] formal charge she filed . . . with the EEOC (see FAC ¶ 87).[4] See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982) (holding, to establish claim of retaliation, plaintiff must show defendant was "aware" of plaintiff's "protected activity" prior to imposing challenged "adverse action").

        b. To the extent the Sixth Claim is alleged against Mundy, it is subject to dismissal, as plaintiff fails to allege any facts to support a finding that Mundy made the decision to transfer plaintiff to Oakland. See Bell v. Clackamas County, 341 F.3d 858, 867 (9th Cir. 2003) (holding individual defendant not liable for retaliatory action, where defendant was "not responsible" for decision to take such action).

    5. The Seventh Claim for Relief, titled "Racial Harassment/Hostile Work Environment (Supervisor/Vicarious Liability) (42 United States Code § 1981)" and alleged against each defendant, is challenged to the extent it is alleged against Troop and Mundy only.

---

[4] Plaintiff also appears to allege that the decision to transfer her to the Oakland office was made in July 2014 (see FAC ¶ 54), which was prior to August 28, 2014, the date she alleges she submitted her charge to the EEOC (see FAC ¶ 87).

a. To the extent the Seventh Claim is alleged against Troop, it is subject to dismissal, as plaintiff fails to include in the FAC any allegations from which it could be inferred that Troop engaged in any harassment based on plaintiff's race or national origin, let alone a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment" because of plaintiff's race or national origin. See Nichols, 256 F.3d at 871-72 (setting forth standard for hostile work environment claim).

b. To the extent the Seventh Claim is alleged against Mundy, it is subject to dismissal. Although plaintiff alleges Mundy, on an unspecified number of occasions, stated she "look[ed] like a greasy/sweaty Mexican" (see FAC ¶ 32), and, on one occasion, referred to her "genitalia and feminine parts" as "fish tacos" (see FAC ¶ 26), plaintiff fails to allege those comments were of such frequency as to have "alter[ed] the conditions of employment." See Nichols, 256 F.3d at 871; see also, e.g., Vasquez v. County of Los Angeles, 349 F.3d 634, 642-44 (9th Cir. 2003) (holding plaintiff could not base racial harassment claim on "only a few incidents" including two "racially related epithets"). Further, although plaintiff alleges Mundy "repeatedly poked and punched [her] arms and forearms" (see FAC ¶ 21) and once "hit [her] on the buttocks with [a] roll of blueprints" (see FAC ¶ 44), plaintiff fails to allege the circumstances under which that behavior occurred, such that it could reasonably be inferred Mundy acted in such manner because of plaintiff's race or national origin. See, e.g., Kang v. U. Lim America, Inc., 296 F.3d 810, 814, 817 (9th Cir. 2002) (finding national origin harassment claim cognizable, where Korean plaintiff's supervisor repeatedly told plaintiff Koreans were required to work harder than persons of other national origins, while verbally abusing plaintiff and throwing office equipment and supplies at him, as well as "striking [him] in the head with a metal ruler on approximately 20 occasions").

6. The Eighth Claim for Relief, titled Racial Harassment/Hostile Work Environment - Negligence (42 United States Code § 1981)" and alleged against each defendant, is subject to dismissal for for the reasons stated above with respect to the Seventh Claim. Further, with respect to Monterey, the Eighth Claim is subject to dismissal for the reasons

4

stated above with respect to the Second Claim.  See Swinton v. Potomac Corp., 270 F.3d 794, 801, 803-07 (9th Cir. 2001) (holding, with respect to racial harassment claim under § 1981, employer subject to vicarious liability, not negligence, where harassing employee is "supervisor").

      7.  The Eleventh Claim for Relief, titled "Hostile Work Environment (Sex) (Cal. FEHA § 12940(j))" and alleged against each defendant, is challenged only to the extent the claim is asserted against Troop.  With respect to Troop, the claim is subject to dismissal, as the claim is based on two incidents that are alleged to have occurred during a six-year period of employment (see FAC ¶ 36 (alleging Troop, at a meeting, once "clutched and squeezed [plaintiff's] upper left thigh"); FAC ¶ 37 (alleging Troop, at a "Christmas party," once "squeeze[d] and scour[ed] [plaintiff's] shoulders")), which incidents, standing alone, are insufficient to constitute a "concerted pattern of harassment of a repeated, routine, or a generalized nature."  See Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 610 (1989); see also id. at 611-12 (holding "isolated instances of sexual harassment do not constitute a hostile work environment"; citing, as example, case where defendant "engaged in mildly offensive verbal conduct on three occasions and twice touched plaintiff's hair").

      8.  The Twelfth Claim for Relief, titled "Hostile Work Environment (Race of Color) (Cal. FEHA § 12940(j))" and alleged against each defendant, is subject to dismissal, for the reasons stated above with respect to the Seventh Claim.

      9.  The Thirteenth Claim for Relief, titled "Termination of Employment - (Race or Color & Sex) (Cal. FEHA § 12940(a))" and alleged against Monterey only, is subject to dismissal for the reasons stated above with respect to the Fourth Claim.

      10.  The Twentieth Claim for Relief, titled "Intentional Infliction of Emotional Distress" and alleged against each defendant, is challenged to the extent it is alleged against Troop.  As pleaded, the Twentieth Claim is derivative in nature (see FAC ¶ 139-41), and, given that each claim alleged against Troop, specifically, the Fifth, Sixth, Seventh, Eighth, Eleventh and Twelfth Claims, is subject to dismissal, the Twentieth Claim is likewise subject to dismissal to the extent alleged against Troop.

**CONCLUSION**

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and (1) the Second, Fourth, Fifth, Eighth, Twelfth and Thirteenth Claims for Relief are hereby DISMISSED, (2) the Sixth and Seventh Claims for Relief are hereby DISMISSED to the extent they are alleged against Troop and Mundy, and (3) the Eleventh and Twentieth Claims for Relief are hereby DISMISSED to the extent they are alleged against Troop.

If plaintiff wishes to amend to cure any or all of the above-identified deficiencies, plaintiff is afforded leave to file, no later than November 6, 2015, a Second Amended Complaint.  Plaintiff may not, however, add new claims or new defendants without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).  If plaintiff does not file a Second Amended Complaint by the date specified, the instant action will proceed on the remaining claims in the FAC against Monterey and Mundy.

Additionally, in light of the above, the Case Management Conference is hereby CONTINUED from November 13, 2015, to December 11, 2015, at 10:30 a.m.  A Joint Case Management Conference Statement shall be filed no later than December 4, 2015.

**IT IS SO ORDERED.**

Dated:  October 21, 2015

MAXINE M. CHESNEY
United States District Judge