**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUTH FEMATT,

    Plaintiff,

    v.

MONTEREY MECHANICAL CO., et al.,

    Defendants.
_____/

No. C 15-2264 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MONTEREY AND TROUP'S MOTION TO DISMISS; DISMISSING THIRTEENTH CLAIM FOR RELIEF; DENYING DEFENDANT MUNDY'S MOTION TO DISMISS**

Before the Court are two motions: (1) defendants Monterey Mechanical Co. ("Monterey") and Jim Troup's ("Troup") "Motion to Dismiss the Second Amended Complaint," filed November 20, 2015, and (2) defendant Tod Mundy's ("Mundy") "Motion to Dismiss Claims in Plaintiff's Second Amended Complaint," filed November 20, 2015. Plaintiff Ruth Fematt has filed opposition to each motion, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows:[1]

    1. The First Claim for Relief, titled "Sexual Harassment/Hostile Work Environment," brought under Title VII and alleged against Monterey only, is not subject to dismissal. Under the "Ellerth-Faragher" affirmative defense, on which Monterey relies, the employer must establish, inter alia, it "exercised reasonable care to prevent and correct promptly any

---

[1] By order filed January 20, 2016, the Court took the matters under submission.

1 sexually harassing behavior." See Faragher v. City of Boca Raton, 524 U.S. 775, 807
2 (1998) (citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998)).  In light of
3 plaintiff's allegation that Mundy, the asserted harasser, retained his position at Monterey's
4 office in Concord, California, whereas plaintiff was prohibited from reentering that office
5 and told she would be transferred to another office that would require "a two-hour drive"
6 (see Second Amended Complaint ("SAC") ¶¶ 51, 53, 57), the Court cannot find, at the
7 pleading stage, that the Ellerth-Faragher affirmative defense bars the claim.  See Swenson
8 v. Potter, 271 F.3d 1184, 1194 (9th Cir. 2001) (stating "employer does not satisfy its
9 remedial obligation by transferring the victim to a less desirable location"; explaining that
10 "moving the accuser to a position with the same pay and responsibilities, but with a longer
11 commute or an inconvenient work schedule, would be an inappropriate response"); Ellison
12 v. Brady, 924 F.2d 872, 882 (9th Cir. 1991) (holding "victim of sexual harassment should
13 not have to work in a less desirable location as a result of an employer's remedy for sexual
14 harassment").

15       2. The Second Claim for Relief, titled "Retaliation (42 USC § 2000e-3(a))" and
16 alleged against Monterey only, is not subject to dismissal.  Contrary to Monterey's
17 argument, plaintiff has sufficiently alleged she was subjected to an adverse employment
18 action, given her allegations that Monterey notified her that "someone else had been hired
19 to permanently fill her position" in Concord (see SAC ¶ 53) and that she would have to work
20 in another location, a transfer that would more than double her commute from less than an
21 hour to no less than a "two-hour drive" (see SAC ¶ 57).  See Ray v. Henderson, 217 F.3d
22 1234, 1242-43 (9th Cir. 2000) (holding, for purposes of retaliation claim under Title VII,
23 "lateral transfers" are "reasonably likely to deter employees from engaging in protected
24 activity," and, consequently, constitute "adverse employment action[s]").

25       3. The Third Claim for Relief, titled "Retaliation (Race or Color) (42 USC § 1981)"
26 and alleged against Monterey and Troup only, is not subject to dismissal, for the reasons
27 stated above with respect to the Second Claim for Relief.  See Manatt v. Bank of America,
28 NA, 339 F.3d 792, 800 n.9 (9th Cir. 2003) (holding, for purposes of retaliation claim under

2

§ 1981, "adverse employment action" is any action "reasonably likely to deter employees from engaging in protected activity").

    4. The Fourth Claim for Relief, titled "Racial Harassment/Hostile Work Environment (Supervisor/Vicarious Liability) (42 United States Code § 1981)" and alleged against Monterey and Mundy only, is not subject to dismissal.

    a. Contrary to the arguments of Monterey and Mundy, plaintiff has cured the deficiency identified in the Court's order of October 21, 2015, as she now sufficiently alleges she was subjected to a hostile work environment based on her race. Specifically, plaintiff now alleges that Mundy "regularly commented . . . often in the presence of others" that she "look[ed] like a greasy/sweaty Mexican," sometimes as often as "once or twice a day" (see SAC ¶ 33) and, in addition, "on at least two or more occasions a week," told her that "Spics" or "wet backs" were "outside" the office (see SAC ¶ 34). See Ray, 217 F.3d at 1245 (holding "[r]epeated derogatory or humiliating statements . . . can constitute a hostile work environment"); see also McGinest v. GTE Service Corp., 360 F.3d 1103, 1117 (9th Cir. 2004) (citing favorably to case in which district court found "racial and sexual harassment based in part on use of racist nicknames and slurs about another worker in presence of plaintiff").

    b. Further, to the extent Monterey again relies on the Ellerth-Faragher affirmative defense, the Court finds, for the reasons stated above with respect to the First Claim for Relief, Monterey has not shown, at the pleading stage, said defense bars the claim.

    5. The Eighth Claim for Relief,[2] titled "Hostile Work Environment (Race or Color) (Cal. FEHA § 12940(j))" and alleged against Monterey only, is not subject to dismissal, for the reasons stated above with respect to the Fourth Claim for Relief.

    6. The Ninth Claim for Relief, titled "Retaliation (Cal. FEHA §12940(h))" and alleged

---

[2] Defendants do not challenge (1) the Fifth, Sixth, Seventh, Tenth, Eleventh and Twelfth Claims for Relief, which are alleged against Monterey only, (2) the Fourteenth Claim for Relief, which is alleged against Mundy only, and (3) the Fifteenth Claim for Relief, which is alleged against Monterey and Mundy only.

1 against Monterey only, is not subject to dismissal. Although Monterey correctly notes that, under California law, a "plaintiff who is made to undertake . . . a lateral transfer – that is, one in which she suffers no diminution in pay or benefits – does not suffer an actionable injury [for purposes of a retaliation claim] unless there are some other materially adverse consequences," see McRae v. Dep't of Corrections & Rehabilitation, 142 Cal. App. 4th 377, 392-93 (2006 (internal quotation and citation omitted), a lateral transfer accompanied by a "significant change" in "commute time" constitutes a "materially adverse consequence[ ]," see id. at 393.

7. The Thirteenth Claim for Relief, titled "Violation of Public Policy" and alleged against Monterey only, is subject to dismissal. The claim is based on plaintiff's having been "constructively discharged." (See SAC ¶ 117.) In its order of October 21, 2015, the Court found plaintiff had failed to allege in the First Amended Complaint sufficient facts to support a finding that she was constructively discharged (see Order, filed October 21, 2015, at 2:10 - 3:1), and plaintiff has not alleged in the SAC any additional facts to support a constructive discharge claim.

**CONCLUSION**

For the reasons stated above:

1. Monterey and Troup's motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

    a. To the extent Monterey and Troup seek dismissal of the Thirteenth Claim for Relief, the motion is hereby GRANTED, and the Thirteenth Claim is hereby DISMISSED without leave to amend.

    b. In all other respects, the motion is hereby DENIED.

2. Mundy's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 22, 2016

MAXINE M. CHESNEY
United States District Judge